
FILED
SEP 03 2015

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| JUAN CARLOS RIVERA, | 1:15-CV-01029-CBK |
|---|---|
| Petitioner, vs. UNITED STATES OF AMERICA Respondent. | OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

## INTRODUCTION

Petitioner was convicted of aggravated sexual abuse of a child and was sentenced to 210 months custody. He appealed his conviction and sentence and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Rivera, 554 Fed. Appx. 535 (May 16, 2014) (*per curiam*). Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## DECISION

### I. Fifth Amendment Due Process Claim.

Petitioner contends that he was denied due process when I denied his suggestion that I recuse myself prior to trial. Petitioner had, prior to trial, signed a plea agreement wherein he agreed to plead guilty to a superseding information charging abusive sexual contact. The matter was set down for a change of plea hearing. At that hearing, counsel for petitioner announced that the petitioner did not wish to enter a plea but instead wished to exercise his right to a jury trial. Counsel moved to withdraw and the petitioner indicated he wished to be represented by a different attorney. The motion was granted and new counsel was appointed. Because counsel immediately notified the Court that petitioner wished to go to trial, no change of plea hearing was held.

Petitioner subsequently filed an affidavit, pursuant to 28 U.S.C. § 144, claiming that, at the previously described hearing, I had stated that I would sentence him to the maximum penalty allowed if he were found guilty and I therefore had a personal bias against him. I listened to the recording of the previously described hearing, confirmed that I made no such statement, and denied his request for recusal. The matter eventually proceeded to trial and the petitioner was convicted.

A transcript of the hearing at issue has been filed. The transcript is consistent with my previous order declining to recuse. There was no basis for recusal prior to trial and there is no basis for a motion to vacate based upon failure to recuse.

## II. Sixth Amendment Ineffective Assistance of Counsel Claims.

To support a claim of ineffective assistance of counsel, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Petitioner contends that he was denied the effective assistance of counsel when trial counsel failed to obtain a copy of the transcript of the hearing discussed *supra*, and in failing to more vigorously pursue recusal. As set forth previously, no basis for recusal existed and therefore petitioner was not prejudiced by any claimed failure to more vigorously pursue recusal. There is no basis for a motion to vacate based upon counsel's alleged failure to pursue recusal.

2

Petitioner contends counsel was ineffective in failing to file any pretrial motion to limit prejudicial statements petitioner allegedly made to Federal Bureau of Investigation ("F.B.I.") agents who interviewed petitioner over seven years after the offense. Petitioner was charged with having sexually abused a child under the age of 12 between October 2002 and October 2004. The victim claimed that the petitioner had sexual intercourse with her at her home in Long Hollow, South Dakota, during the time period that the petitioner was dating the victim's older sister. Petitioner was first interviewed about the allegations by F.B.I. agents in November 2011, when he was living in Georgia. He was indicted on the charge in April 2012.

During trial, F.B.I. Special Agent Tom Clark, who was in the Valdosta, Georgia, office, testified that he received an electronic request to interview petitioner who was then living in Georgia. Agent Clark testified that the he made contact with the petitioner in November 2011, and petitioner agreed to be interviewed at his home. Agent Clark testified that, during that interview, petitioner admitted to having intercourse with the victim at her mother's house in Long Hollow, South Dakota.

Petitioner's counsel cross-examined Agent Clark at length about the circumstances of the interview, that no Miranda[1] warnings were given, that no Griffin[2] rights were read to the petitioner prior to the interview, and that the interview, which counsel described as an interrogation, lasted approximately one and 1/2 hours. Counsel elicited from Agent Clark that, during the interview, Agent Clark asked petitioner about consensual sexual activities with at least two adult women, in addition to his relationship with the victim's sister in 2002. Counsel implied that inquiry into petitioner's activities with those women was intended to confuse petitioner into admitting to sexual activities with the victim. Counsel also inquired why the interview was not tape recorded and why no written

---

[1] The United States Supreme Court held in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that any time a person is taken into custody for questioning they must be advised of their Fifth Amendment rights.

[2] The Eighth Circuit held in United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990), that "[t]he most obvious and effective means of demonstrating that a suspect has not been taken into custody . . . is for the police to inform the suspect that an arrest is not being made and that the suspect may terminate the interview at will."

3

statement was taken from the petitioner. The implication of the line of questioning on cross-examination was that failure to record the interview or obtain a written statement allowed the agent to put his word up against the petitioner's word as to what was said during the interview.

Special Agent Leo Dawson, who was also present during the interview of the petitioner, testified that he wrote down notes of the interview on an FBI-302 form for his record. The agents relied upon those notes during their testimony to bolster their testimony as to what was said during the interview. During cross-examination, counsel for petitioner questioned the agents as to why certain information was missing from the report and implied that the report was not accurate as to what had taken place during the interview.

Petitioner testified at trial that he did not admit to having sex with the victim but instead admitted to having sex with some other woman at his girlfriend's parent's house. He testified that, during the interview, the agents kept trying to confuse him by "throwing names at me."

There was no basis for filing a motion *in limine* to prohibit an F.B.I. agent from testifying about the statement allegedly made by the defendant. The statement was admissible under Fed. R. Evid. 801(d)(2). To the extent that such statement was a confession, it was admissible pursuant to 18 U.S.C. § 3501. The trial testimony showed that the statement was taken at the defendant's home and he was not in custody. The defendant did not argue that the statement was coerced but instead that he did not in fact make the statement. There was no issue as to the voluntariness of the statement allegedly made. There was no basis to seek suppression of the statement.

Counsel proposed an instruction as to the credibility of the F.B.I. agent's claim that the defendant made a statement based upon the fact that the statement was not taped. I routinely give such an instruction. *See* United States v. Azure, 1999 WL 33218401 at p. 2 (D.S.D. 1999). The government moved *in limine* to prohibit the giving of such an instruction and argued vigorously against the giving of such an instruction. At the pre-trial conference, I denied the government's motion, ruling that the defendant may inquire

4

into the fact that the F.B.I. had failed to tape record the alleged statement and failed to have the defendant sign any written statement. I subsequently instructed the jury *inter alia*,

> You have heard testimony that Juan Rivera made a statement to the Federal Bureau of Investigation. It is for you to decide:
> First, whether the defendant made the statement and
> Second, if so, how much weight you should give to it.
> In making these two decisions you should consider all of the evidence, including the circumstances under which the statement may have been made. This includes but is not limited to the fact that no portion of the interview was recorded or taped.

Even if petitioner could show that counsel was somehow ineffective in failing to seek exclusion of the testimony of the F.B.I. agents as to his statement, petitioner cannot show prejudice. Counsel vigorously cross-examined the agents about their failure to tape record the interview or obtain a written statement from the defendant. I instructed the jury that they could consider the failure to record the claimed statement in assessing whether to believe the agents. The jury was well aware that they could consider the failure to tape record the interview in assessing the credibility of the agents as to whether or not the petitioner did admit to having engaged in sexual activity with the victim. Even if the jury rejected the alleged admission, there was ample evidence from the victim herself upon which they could have convicted the petitioner.

### III. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). "An evidentiary hearing is not required in a section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief." Larson v. United States, 905 F.2d 218, 221 (8th Cir. 1990) (quoting United States v. Schmitz, 887 F.2d 843, 844 (8th Cir. 1989)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion, after an extensive review of the record, that the petitioner is not entitled to relief. Summary dismissal is therefore

5

appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## ORDER

Now, therefore,

**IT IS ORDERED** that the motion to vacate, set aside, or correct sentence is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner was convicted of aggravated sexual abuse of a child and was sentenced to 210 months imprisonment. His direct appeal was denied. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that his Fifth Amendment rights were violated when I failed to recuse and that his Sixth Amendment rights were violated because he received ineffective assistance of counsel. I summarily denied the motion to vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. Any application for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Fed. R. App. P. 22.

DATED this 3rd day of September, 2015.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge